## SAYLOR et al,
*Respondents,*

*v.*

## STATE OF OREGON
## WATER RESOURCES DEPARTMENT et al,
*Appellants,*

(CV-88-283; CA A50953)

788 P2d 494

Rives Kistler, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John C. Cahalan, Portland, argued the cause for

respondents. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Respondents are owners of land located in Umatilla County and of water rights in Butter Creek. Pursuant to a 1916 court decree, they are entitled to accumulate water to preserve their water rights. In 1988, appellants refused to allow accumulation of water until all water users had signed a use agreement. Respondents filed a complaint in circuit court requesting declaratory and injunctive relief under 42 USC § 1983 and ORS ch 28. They successfully obtained a preliminary injunction and, pursuant to 42 USC § 1988,[1] were awarded attorney fees, which is the subject of the appeal.

 The right to use water is a vested property interest entitled to judicial protection. *Skinner v. Jordan Val. Irr. Dist.,* 137 Or 480, 491, 300 P 499, 3 P2d 534 (1931). ORCP 79A(1)(b) provides an adequate state remedy for the protection of that interest. *See also* ORS 540.740.[2] Because respondents were entitled to the relief that they sought under state law, their invocation of 42 USC § 1983 was unnecessary. Accordingly, the trial court erred in awarding respondents attorney fees under 42 USC § 1988. *Oregon State Police Assn. v. State of Oregon,* 308 Or 531, 538, 783 P2d 7 (1989).

Reversed.

---

[1] 42 USC § 1988 states:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[2] ORS 540.740 provides:

"Any person who may be injured by the action of any watermaster may appeal to the circuit court for an injunction. The injunction shall only be issued in case it can be shown at the hearing that the watermaster has failed to carry into effect the order of the Water Resources Commission or decrees of the court determining the existing rights to the use of water."